UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80210-ROSENBERG/REINHART

CHANNING HUTCHINS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC., PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS, and PALM BEACH COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Frontier Airlines' Motion for Summary Judgment, DE 49.  The Motion has been fully briefed.  Because *pro se* Plaintiff Channing Hutchins has failed to dispute the Defendant's Statement of Facts, the Court **GRANTS** the Motion.

### I.  PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit against Frontier Airlines, Inc., Palm Beach Counties Department of Airports, and Palm Beach County Sheriff's Office after he was removed from Frontier Airlines flight 257 ("Flight 257").  Plaintiff's Complaint asserted a multitude of claims, DE 1-1, but upon Frontier Airlines' Motion to Dismiss, DE 10, the Court dismissed all Plaintiff's claims except Count I as to Frontier Airlines only, DE 31.  In that Count, Plaintiff alleges Frontier Airlines violated Plaintiff's rights under 42 U.S.C. § 1981, an antidiscrimination statute.  Frontier Airlines has moved for summary judgment as to the remaining count.

## II. THE TIMING OF THE COURT'S SUMMARY JUDGMENT RULING

In Plaintiff's Response, he contends that Defendant did not cooperate during the discovery period. DE 51 at 1–2. To substantiate his contention, Plaintiff provides the Court with a copy of his requests for admission; he represents that Defendant did not answer the requests for admission. *Id.* The requests for admission are dated August 2, 2023. DE 51-1. The deadline for discovery in this case was August 4, 2023. DE 11 at 5. In its Reply, Defendant explains that it did not respond to the requests for admission because, pursuant to Local Rule 26.1(d), parties can ignore discovery requests served with insufficient time before the discovery period ends. The Court construes Plaintiff's Response on this subject as a defense under Federal Rule of Civil Procedure 56(d). Under 56(d), a Court may delay a ruling on summary judgment to allow for a respondent to have additional time to obtain discovery, so that the additional discovery can be used to respond to the motion for summary judgment.

The Court declines to delay a ruling on summary judgment for three reasons. First, the Local Rules are clear that "[a] party must submit any discovery dispute to the Court by service of a motion" within 28 days of the dispute. S.D. Fla. L.R. 26.1(g)(2)(A)(i)-(iv). Failure to do so, absent a showing of good cause, may in the Court's discretion constitute grounds for denial of the requested relief. S.D. Fla. L.R. 26.1(g)(2)(B). All of the discovery disputes Plaintiff raises occurred on August 3, 2023, or earlier, and the Court first learned of these disputes with Plaintiff's Response filed on September 21, 2023. Second, as will be explained in greater detail below, the most critical fact at issue in this case (whether Plaintiff had a strong body odor upon boarding Flight 257) was not a fact for which Plaintiff needed discovery—that fact is a matter of Plaintiff's own person knowledge. Third and finally, Rule 56(d) requests for delay must be supported by

2

affidavit or declaration, which Plaintiff has not included with his Response. For these reasons, the Court will rule without delay on Defendant's Motion for Summary Judgment.

### III.  SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if "it would affect the outcome of the suit under the governing law." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). Genuine issues of material facts arise when "a reasonable trier of fact could return judgment for the non-moving party." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343. In deciding a summary judgment motion, the Court views the supported

facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

### IV.   ANALYSIS

A.   **Defendant's Statement of Material Facts**

Each of the facts listed below from Defendant's Statement of Material Facts supporting Defendant's Motion for Summary Judgment contains proper and sufficient citations to record evidence, such as affidavits. Highly relevant to the Court's ultimate ruling, Defendant has therefore provided a sufficient evidentiary basis for the factual proposition that Plaintiff had a strong body odor when he boarded Flight 257.

Three days prior to when Plaintiff was removed from Flight 257, law enforcement first encountered Plaintiff at Palm Beach International Airport due to a suspicious person report. DE 50 at 1. In their conversation, Plaintiff shared that he had missed his flight scheduled for that day and was rescheduled for Flight 257 but claimed he was "homeless, had no money, and no identification." *Id.* at 1–2. Law enforcement advised Plaintiff that he needed to depart Palm Beach International Airport and could not return until the day of Flight 257. *Id.* at 2.

Law enforcement next spotted Plaintiff at Palm Beach International Airport the day before Flight 257, when an unnamed airline refused Plaintiff passage on a different flight. *Id.* at 4. Plaintiff was "offered accommodations and a change of clothes," but he refused. *Id.*

On the morning of Flight 257, law enforcement responded to another call about Plaintiff. *Id* at 2. They noticed that Plaintiff "did not have luggage, had a strong odor about his person, was unkept, and did not have any form of identification." *Id.*

Plaintiff's odor made an impression on several people on Flight 257, as well. At least eight passengers approached Flight Attendant Rachael Longoria about Plaintiff's odor during the

4

boarding process. *Id.* Longoria had the opportunity herself to smell Plaintiff's "extreme body odor." *Id.* She then observed multiple people "seated near Plaintiff cover their mouths and noses with their shirts in an attempt to evade the smell." *Id.* One of Plaintiff's seatmates, Kevin Foster, described Plaintiff's odor as "horrible" and the worst body odor he ever encountered. *Id.* at 3. Foster saw many passengers in the area complaining about the smell and claimed the flight would have been uncomfortable had Plaintiff been allowed to remain. *Id.* Another flight attendant described the odor as very extreme, noting it "permeated the entire aircraft cabin." *Id.*

Plaintiff's odor had caused such a commotion that multiple passengers asked to be seated away from Plaintiff, but those requests could not be fulfilled. *Id.* at 3–4. The flight crew brought the dilemma to the flight's Captain and First Officer, informing them of Plaintiff's odor but not his race. *Id.* at 5–6. Together, the Captain and the First Officer determined "there was no way to accommodate Plaintiff by relocating him to a different seat and Plaintiff's odor would continue to disturb and distract passengers and the flight crew if not removed." *Id.* at 4. So, they removed Plaintiff from Flight 257. *Id.*

### B.     Plaintiff's Response to Defendant's Statement of Material Facts

In response to the foregoing facts, Plaintiff does not clearly state whether a fact is disputed or not, and where the Court can infer an attempt to dispute, Plaintiff does not cite to any evidence to support his responses. For example, the Court includes verbatim a section from Plaintiff's response to the material facts:

> 12. During the boarding process of the subject flight, Flight Attendant("FA") Rachael Longoria was approached by at least eight passengers who complained of an unpleasant smell or odor present at gate C9 of PBI. (See Ex. C, Affidavit of Rachael Longoria at ¶ 5).
>
> Answer: FA Longoria did not approach Mr. Hutchins, and he did not see any passengers walk back after passing through the aircraft.

5

13. FA Longoria personally perceived Plaintiff's odor and described it as extreme body odor. (*Id.* at ¶ 8)

Answer: FA Longoria did not ever approach Mr. Hutchins to make any assessment, and easily may have mistaken the odor as [flatulence], or odor from another passenger.

14. FA Longoria further witnessed passengers seated near Plaintiff cover their mouths and noses with their shirts in an attempt to evade the smell. (*Id.* at ¶ 6)

Answer: No. Mr. Hutchins did not notice anyone visually humiliate him, or make a mockery of any hygienic concern.

DE 52 at 2–3.

Plaintiff was made aware of the need to cite to evidence for a disputed fact in three different ways. First, Federal Rule of Civil Procedure 56(c)(1) states that if a fact is disputed, the dispute must be supported by "citing to particular parts of materials in the record." Second, Local Rule 56.1(b)(2)(C) requires a statement submitted in opposition to a motion for summary judgment to provide "evidentiary citations supporting the opponent's position" when a fact is disputed. Local Rule 56.1(b)(1)(B) defines record materials as "including depositions, documents, electronically stored information, affidavits, stipulations . . ., admissions, and interrogatory answers." Third and finally, the undersigned expressly informed the parties that "the Court will strictly enforce the requirements of" Local Rule 56.1, and therefore the parties "should carefully study the Rule to ensure their filings are in compliance." DE 11 at 12–13.

Local Rule 56.1 informs litigants of the consequence of failing to properly cite evidence in response to a supported statement of material facts. Local Rule 56.1(c) reads: "All material facts in any party's Statement of Material Facts **may be deemed admitted** unless controverted by the other party's Statement of Material Facts[.]" (emphasis added). Local Rule 56.1, the Court's order setting trial, and Federal Rule of Civil Procedure 56 each compel this Court to deem all of

6

Defendant's facts admitted by Plaintiff. As a result, Plaintiff has admitted all of the facts supporting Defendant's Motion for Summary Judgment.

**C.      Defendant is Entitled to Summary Judgment as a Matter of Law**

Section 1981 mandates that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." Plaintiff claims that Frontier Airlines breached its contractual relationship with him when flight crew refused him passage on the basis of his race. DE 51 at 4. "The elements of a cause of action under § 1981 are '(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'" *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004) (citation omitted)). There is no dispute that Plaintiff, as a Black man, is a member of a racial minority group. *See id.* at 888, 891 (noting that the Black plaintiff is a part of a racial minority group). The dispute centers on the second element, whether "the defendant intended to discriminate on the basis of race."

Plaintiff has two options to show intent: direct or circumstantial evidence. *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). Direct evidence of discrimination appears when there is an "overt invocation of race by the alleged discriminator," such as when racial slurs or racially charged language are used. *Id.*; *see Kinnon*, 490 F.3d at 891 (employee used a slur against a Black customer); *Lopez v. Target Corp.*, 676 F.3d 1230, 1231–33 (11th Cir. 2012) (employee spoke slowly and loudly, mocking the Hispanic customer). Plaintiff's Complaint lacks any mention of an overt invocation of his race.

That leaves Plaintiff to prove the Defendant's intent through circumstantial evidence. To use circumstantial evidence to prove racial discrimination, a "§ 1981 plaintiff . . . may proceed

7

under the *McDonnell Douglas* burden-shifting framework, which was originally conceived for Title VII claims." *Ziyadat*, 3 F.4th at 1296; *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004). The burden never shifts if the plaintiff does not make their prima facie case by "point[ing] to comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment." *See id.* (quoting *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1229 (11th Cir. 2019) (en banc)). At this stage of litigation, Plaintiff "can no longer rest on such 'mere allegations[]' [in his pleadings,] but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true[.]" *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted).

The Court cannot conclude that Plaintiff has met his evidentiary burden under the first part of the *McDonnell Douglas* framework. Plaintiff has not provided any evidence that race discrimination caused his removal from Flight 257 and no identification of appropriate comparators who were treated differently. Therefore, Plaintiff cannot make a prima facie showing of a cause of action under § 1981.

Assuming *arguendo* that Plaintiff was able to make his prima facie showing under *McDonnell Douglas*, the burden would shift to the Defendant to "articulate a legitimate, nondiscriminatory reason for its actions." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221 (11th Cir. 2019). The Defendant has done so: It has raised that airlines have very broad discretion under 49 U.S.C. § 44902, to "refus[e] to transport [] a passenger if 'the carrier decides [the passenger] is, or might be, inimical to safety[.]'" *Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 F. App'x 657, 660–61 (11th Cir. 2015) (quoting *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d 1,

8

12 (1st Cir. 2008)). It has populated the record with evidence that Plaintiff's body odor was memorably strong and may have been accumulating from days before Flight 257. Defendant has provided evidence that Plaintiff's race was not shared with the Flight Captain and First Officer who removed Plaintiff from the plane. The Defendant has carried its burden.

Plaintiff therefore bears the burden to "demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination." *Lewis*, 918 F.3d at 1221 (11th Cir. 2019). Plaintiff has not done so—he has failed, in his Response, to provide any citation to record evidence of racial discrimination or evidence of pretext. The record evidence that does exist, cited and provided by Defendant, stands for the proposition that Plaintiff's race *did not* factor into the decision to remove him from his flight.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, DE 49, is **GRANTED** in its entirety and summary judgment is entered in favor of Defendant as to all counts. The Clerk of the Court shall **CLOSE THIS CASE** and all other pending motions are **DENIED AS MOOT**. Defendant shall provide a proposed final judgment, in Microsoft Word format, to rosenberg@flsd.uscourts.gov within three business days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of October, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE